# John Bone, Plff. in Err. *v.* President, etc., of the Delaware & Hudson Canal Company.

The commonwealth alone can take advantage of the want of capacity in a corporation to take and hold land. The defense that a recovery in an action of ejectment brought by a corporation will vest in it more land than it is empowered to hold is not available to a private individual.

(Decided March 15, 1886.)

Error to the Common Pleas of Lackawanna County to review a judgment for plaintiff in an action of ejectment. Affirmed.

This controversy arose over a disputed boundary line between two tracts of land. Defendant had erected a fence in such a manner as to include, as plaintiff claimed, a strip of land 5½ feet wide and 150 feet long which belonged to the latter; and this action was brought to recover possession of the same.

At the trial defendant offered evidence tending to show that the plaintiff had no authority to take and hold and recover such an amount of land as would be involved in a recovery from the defendant in this case. The court sustained an objection to this evidence, and the defendant excepted.

The defendant submitted the following point, among others: "That, according to the evidence in the case, as to the power and capacity of the plaintiffs to take and hold the land, there does not appear in this such power and capacity on the part of the plaintiff to take and hold the land in question as warrants a recovery on their part."

NOTE.—The same determination was reached where the authority of a national bank to take title to goods bought on execution, and to permit the same to be used in business by its agent, was questioned by creditors. Lippincott v. Longbottom, 6 Pa. Co. Ct. 503. So, the purchaser of land from a corporation cannot question the validity of the transfer in an action brought against him for the purchase money. Fox v. Union Academy, 6 Watts & S. 353. Nor can the title of land transferred by the corporation be questioned on such ground in an action of ejectment. Goundie v. Northampton Water Co. 7 Pa. 233; Leazure v. Hillegas, 7 Serg. & R. 313.

To this the court made the following answer: "As to the power and capacity of the plaintiff to hold lands, this involves the point which was discussed at the trial, and I adhere to the determination there made that the evidence shows capacity on the part of the plaintiff to take and hold lands, and therefore I deny the point."

The jury having found for plaintiff the defendant brought error, the above action on the part of the court forming the substance of the 14th and 15th assignments.

*Watson & Hawley, H. M. Hannah, S. B. Price,* and *A. Ricketts,* for plaintiff in error.—In an action brought to recover land by a corporation, it must be shown that the plaintiff has the right to hold and enjoy the land under its charter. Wolf v. Goddard, 9 Watts, 550.

Judge GIBSON said in Methodist Church v. Remington, 1 Watts, 224, 26 Am. Dec. 61: "The statutes of mortmain have been extended to this state only so far as they prohibit dedications of property to superstitious uses, and grants to corporations without a statutory license." Robert's Digest, British Stat. 358; Miller v. Porter, 53 Pa. 292.

The Delaware & Hudson company, plaintiff below, is a foreign corporation, and cannot maintain ejectment for land in this state without showing statutory authority to hold such land. Leasure v. Union Mut. L. Ins. Co. 91 Pa. 491.

*Jessup & Hand* and *James H. Torrey,* for defendant in error. —The plaintiff corporation is chartered by the legislature of New York. Its corporate capacity, not having been put in issue by the defendant, was properly taken by the court as admitted. Rheem v. Naugatuck Wheel Co. 33 Pa. 358; Zion. Church v. St. Peter's Church, 5 Watts & S. 215; Act June 24, 1885 (P. L. 149).

The commonwealth alone, as ultimate owner of the fee, can take advantage of the want of capacity in the corporation to take and hold lands. Leazure v. Hillegas, 7 Serg. & R. 313; Goundie v. Northampton Water Co. 7 Pa. 237; Hagerman v. Empire State Co. 97 Pa. 534.

Justice HARLAN in American & Foreign Christian Union v. Yount, 101 U. S. 361, 25 L. ed. 892, says: "Appellees in their pleadings allege that the lots conveyed by their ancestor to the

American & Foreign Christian Union were not required nor necessary for the convenience or transaction of its business. These allegations are both insufficient and immaterial; insufficient, because they may be true and yet the appellant, with the lots in dispute added to its property, may not have had more real estate than its charter permitted; immaterial, because if, as we hold, the appellant, consistently with its own charter and the law of Illinois, take title to real property in that state for the purposes of its creation, its acquisition of a larger quantity of real estate than its charter allowed or its business required or was consistent with the law of Illinois, was not a question which the appellees have any right to raise."

Restrictions imposed by the charter of a corporation upon the amount of property that it may hold cannot be taken advantage of collaterally by private persons, but only in a direct proceeding by the state which created it. Runyan v. Coster, 14 Pet. 122, 10 L. ed. 382; Smith v. Sheeley, 12 Wall. 358, 20 L. ed. 430; Bogardus v. Trinity Church, 4 Sandf. Ch. 633; DeCamp v. Dobbins, 29 N. J. Eq. 36; Davis v. Old Colony R. Co. 131 Mass. 258, 273, 41 Am. Rep. 221; Jones v. Habersham, 107 U. S. 174, 27 L. ed. 401, 2 Sup. Ct. Rep. 336; Union Nat. Bank v. Matthews, 98 U. S. 628, 25 L. ed. 188.

PER CURIAM:

The question covered by the 14th and 15th specifications of error cannot be successfully invoked in the trial of this case. They do not propose to attack the validity of the title to this particular piece of land.

By a broad offer unlimited as to the time of acquisition, it is proposed to prove a want of capacity to hold, which can be asserted by the commonwealth only, and in a direct proceeding.

The remaining questions were those of facts, and they were well submitted by the learned judge.

Judgment affirmed.